**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Abilio Alfonso Pirela Villalobos, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4007 |
| | § | |
| Markwayne Mullin, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Abilio Alfonso Pirela Villalobos is a native and citizen of Venezuela. Docs. 1 at 6, 8 at 2. On September 9, 2023, Petitioner entered the United States and was granted humanitarian parole under 8 U.S.C. § 1182(d)(5). Docs. 1 at 6, 1-1 at 2, 8 at 2.[2] While residing in the United States on parole, Petitioner filed an affirmative application for asylum with United States Citizenship and Immigration Services ("USCIS"), and USCIS confirmed receipt of his application on September 8, 2024. Docs. 1 at 6, 1-2 at 2, 8 at 2. Petitioner's humanitarian parole expired on June 12, 2025. *See* Docs. 8 at 2, 1-1 at 2. On

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

[2] Respondents contend that Petitioner was placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) before being released on humanitarian parole. Doc. 8 at 2. Respondents do not provide competent summary judgment evidence to support this assertion. *See id.*

April 24, 2026, Petitioner was detained and then transferred into the custody of the Department of Homeland Security. Docs. 1 at 6, 8 at 2. Petitioner was issued a Notice to Appear and charged with removability as an alien who, at the time of applying for admission, was not in possession of a valid entry document. Docs. 1 at 6, 8 at 2, 8-2 at 4. Petitioner has been placed in full removal proceedings under 8 U.S.C. § 1229a. Doc. 1 at 6; *see* Doc. 8 at 2–3. On May 7, 2026, Petitioner had a bond hearing before an immigration judge, and bond was denied because the immigration judge determined that the court lacked jurisdiction under *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Docs. 1 at 7, 1-7 at 2, 8 at 2–3. Petitioner remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 at 6, 1-5 at 2, 8 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) procedural due process; (ii) substantive due process; and (iii) the Immigration and Nationality Act. Doc. 1 at 9–18.

Now before the Court is Respondents' Amended Motion for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondents maintain that Petitioner is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) while his asylum application remains pending or, alternatively, because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)'s catchall provision. *See* Doc. 8 at 3–5.[3]

---

[3] In his response, Petitioner did not address the statutory basis for his detention. *See* Doc. 9. In the Petition, however, he asserted that he has been detained under § 1225(b)(2)(A) but conceded that "[r]egardless of whether § 1225(b)(1) or § 1225(b)(2) applies, the statutory text 'mandate[s]

2

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens to mandatory detention under both Section 1225(b)(2)(A) and Section 1225(b)(1)(B)(ii). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026); *Hossain v. Thompson*, No. 4:26-cv-3182 (S.D. Tex. July 23, 2026). The Court held that detention pending a removal order under Section 1225(b)(2)(A) and detention pending a final asylum determination under Section 1225(b)(1)(B)(ii) are demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal and asylum application processes. *See Campos Bernal*, 2026 WL 1804234, at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Hossain*, slip op. at 4–5. Petitioner's challenges therefore fail under either statutory detention scheme, so the Court need not determine which of the two statutes authorizes Petitioner's present detention.

As such, Respondent's Amended Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

---

detention of aliens throughout the completion of applicable proceedings.'" Doc. 1 ¶¶ 37, 56 (first quoting *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018); then citing 8 U.S.C. §§ 1225(b)(1)(B)(ii) and 1225(b)(2)(A)).

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 30th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge